Battle, J.
 

 We have no hesitation in saying that the construction of the will in question, contended for by the defendants is correct. Had the latter part of the clause, which relates to the supposition of the death of the testator’s brother, John, been omitted, then his nine children would have taken equally
 
 per capita
 
 with the five children of the testator’s deceased sister, according to the well known rule applicable to such bequeaths. See
 
 Bryant
 
 v.
 
 Scott,
 
 1 Dev. and Bat. Eq. 155.
 
 Harrell
 
 v.
 
 Davenport,
 
 5 Jones’ Eq. 4.
 
 Roper
 
 v.
 
 Roper,
 
 Ibid. 16. But the reference by the testator to his brother, John, and saying that if he were alive he should receive one-half of the estate himself, is, we think, a sufficient indication of intention that the divisions should be
 
 per
 
 stirpes, so that if John had been dead, his children would have taken only one-half of the estate, to be equally divided between them, leaving the other half, to be equally divided between the children of the deceased sister. See
 
 Bivens
 
 v. Phifer, and the cases therein referred to, 2 Jones’ 436. However that may be, we are satisfied that as John was alive, he took all that was intended for him or his family, which excludes his children, and
 
 *306
 
 leaves one-half of the legacy for-the children of the testator’s deceased sister. Mary "Woodward. A decree-may be drawn in accordance with this opinion.
 

 Pee Cueeam, Decree accordingly.